IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD C.W. D'AGUILAR, SR., | :: | PRISONER HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| DON JARRIEL, Warden, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:12-CV-3818-RWS |

## **ORDER**

Petitioner is confined at Smith State Prison in Glennville, Georgia. Petitioner, pro se, sought a writ of habeas corpus in this case regarding his state criminal convictions entered in 2005. (Doc. 1.) Petitioner filed his federal habeas petition on October 18, 2012. (*Id.* at 8.)

On February 27, 2013, the Court denied Petitioner a writ of habeas corpus and denied a certificate of appealability. (Doc. 13.) The Court found that Petitioner's request for federal habeas relief was untimely because more than one year, excluding the time when his state-court proceedings were pending, passed after Petitioner's state judgment became final and before he filed his petition in this case. (*Id.*; Doc. 7.) More specifically, the Court found that: (1) Petitioner's motions to set aside the criminal judgment that he filed in the state trial court in June 2006 did not toll the one-year limitations period and, thus, the period ended in October 2006, six years before

Petitioner filed his federal petition; and (2) even assuming the motions to set aside the criminal judgment tolled the limitations period, Petitioner's last post-judgment proceedings in the state courts ended in September 2011, over one year before he filed his federal petition. (Doc. 7.)

Petitioner filed a motion for reconsideration. (Doc. 17.) In that motion, Petitioner offers, for the first time, an explanation for his tardiness in filing his petition. (*Id.*) His explanation does not justify reconsideration of the Court's judgment in this case. Reconsideration is an extraordinary remedy reserved for limited situations, e.g., where there is clear error or an intervening change in the law after judgment is entered. *United States v. Battle*, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003). The moving party "must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (quotation marks omitted). Petitioner has not made that showing.

Petitioner blames his delay in challenging his state judgment on his lawyer's decision to proceed directly to an appeal of his convictions rather than filing a motion for a new trial. (Doc. 17 at 2-4.) Petitioner contends that if a motion for new trial had been filed, the post-judgment proceedings in the state courts could have lasted for years, as they have in other convicted persons' cases in Georgia, thus providing him

2

more tolled time on the federal limitations period. (*Id.*) That may be true, but the issue here is not whether the state proceedings should have lasted longer. The issue is whether Petitioner timely sought habeas relief in federal court after the state proceedings ended, assuming all the state proceedings tolled the one-year period to seek relief in federal court. A lawyer's failure to extend Petitioner's state post-judgment proceedings does not excuse Petitioner from the requirement that he file his federal habeas petition within one year of the date the state proceedings ended.

Petitioner's only explanation for waiting thirteen months after the last of his state proceedings (his state habeas action) concluded before filing his federal habeas petition is that he was pursuing relief under 42 U.S.C. § 1983 in the U.S. District for the Southern District of Georgia. (*Id.* at 1-2.) Petitioner filed his § 1983 complaint in that court in February 2012, five months after his state habeas action concluded. Compl., *D'Aguilar v. Root*, No. 6:12-cv-15-BAE-JEG (S.D. Ga. Feb. 9, 2012.) Petitioner alleged in that case that a court reporter and others committed fraud by falsifying the transcript of the evidentiary hearing in Petitioner's state habeas action. Rept. & Recommendation, *D'Aguilar*, No. 6:12-cv-BAE-JEG (S.D. Ga. Feb. 21, 2012), *adopted by* Order (Mar. 14, 2012). The court dismissed Petitioner's complaint for failure to state a claim upon which relief may be granted and denied Petitioner's

3

motion for reconsideration.  *Id.*; Order, *D'Aguilar,* No. 6:12-cv-BAE-JEG (S.D. Ga. Apr. 3, 2012).

Petitioner's § 1983 action did not toll the limitations period for filing a federal habeas petition because it was not an "application for State post-conviction or other collateral review with respect to the pertinent judgment" and prior proceedings in federal court – even prior federal habeas proceedings – do not toll the limitations period.  *See* 28 U.S.C. § 2244(d)(2) (providing tolling only for collateral challenges to the state judgment in state courts); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limitations period is not tolled during pendency of a federal habeas petition); *Wilson v. Giles*, No. 3:04cv1149-MHT, 2006 WL 3350089, at *4 (M.D. Ala. Nov. 16, 2006) ("[T]he pendency of a federal civil action, such as Wilson's § 1983 suit, does not trigger tolling of the limitation period . . . .").  Petitioner's belated explanation of his delay in seeking federal habeas relief does not excuse the untimely filing and provides no basis to reconsider the Court's judgment.

Accordingly, Petitioner's motion for reconsideration [17] is **DENIED**.  Petitioner's motion to dispense with the Court's photocopy requirement [15] regarding service of his motion for reconsideration is **GRANTED**.

4

**SO ORDERED** this  18th  day of March, 2013.

_____
**RICHARD W. STORY**
United States District Judge